JzSHORTESS, Judge.-,
Alcee Pierce (plaintiff) was injured while in the course and scope of his employment with the Lafourche Parish Council (defendant). He was seventy-three years old at the time of his accident. Louisiana Revised Statute 23:1221(3)(d)(iii) limits persons over seventy from receiving more than 104 weeks in workers’ compensation benefits, while workers younger than seventy may receive 520 weeks of benefits. He filed this suit in the Seven *179 teenth Judicial District Court seeking a judgment declaring that statute unconstitutional.
Defendant filed an exception of lack of subject matter jurisdiction, contending the Office of Workers’ Compensation hearing officers [1] were vested with original exclusive jurisdiction over all claims or disputes arising out of workers’ compensation matters. The district court agreed, granted defendant’s exception, and dismissed plaintiffs suit. Plaintiff appeals.
This issue has now been settled by our supreme court in its decision in Albe v. Louisiana Workers’ Compensation Corporation.[2] In that ease, a hearing officer ruled it had subject matter jurisdiction to determine the constitutionality of a workers’ compensation statute. The Fourth Circuit Court of Appeal affirmed. The Louisiana Supreme Court reversed, specifically holding hearing officers have no authority to determine constitutional issues:
Although we recognize the Office of Workers’ Compensation Administration constitutionally employs certain functions previously reserved to the judiciary in pursuit of its statutory duties, the exercise of these quasi-judicial functions does not make hearing officers judges under Art. V [of the Louisiana Constitution], Put simply, the hearing officers of the Office of Workers’ Compensation Administration are not authorized to exercise “judicial power” under Art. 5, § 1. Their authority was properly restricted to “administrative agency determinations” by Art. V, § 16(A).
[[Image here]]
The review of the statutes that make up the Workers’ Compensation Act for constitutional infirmity differs substantially from the application of those statutes for the purposes of an agency determination. In granting hearing officers only the authority to hear “administrative agency determinations” in “worker’s compensation matters,” LA. CONST. Art. V, § 16(A) only authorized hearing officers |3to adjudicate workers’ substantive claims arising under the Act itself. There is no constitutional authority for. the exercise of judicial review by a hearing officer. We therefore explicitly hold that hearing officers of the Office of Workers’ Compensation Administration lack subject matter jurisdiction to determine constitutional issues.[3]
In accordance with Albe, we find the district court, and not a workers’ compensation hearing officer, has subject matter jurisdiction in this matter. Thus, we reverse the decision of the district court and remand this matter to the district court for further proceedings, at defendant’s costs.
REVERSED AND REMANDED.

.We recognize that Act 88, Section 1, of 1997, changed all references in Title 23 from "hearing officer” to "workers’ compensation judge.” Since the sole issue in this case is the extent of the authority of these quasi-judicial officers, we shall continue to refer to them as "hearing officers" for the purposes of this opinion.

. 97-0014 (La. 10/21/97), 700 So.2d 824.

. Albe, 97-0014, pp. 8-9, 700 So.2d at 828-29. (Footnote omitted; emphasis added.)