PER CURIAM.*
Defendant Joseph D. Ferris was arrested and charged with violating La.Rev.Stat. 14:98.1, “Underage driving under the influ-enee,” as a result of operating a motor vehicle while having a blood-alcohol content of .07 percent. On August 3, 1998, defendant filed a motion to quash the prosecution, alleging that La.Rev.Stat. 14:98.1 unconstitutionally violates the due process and equal protection provisions of the Louisiana and United States Constitutions in making it a crime for persons under twenty-one years of age with a blood alcohol concentration of .02 percent or more to operate motor vehicles, while persons twenty-one years of age or older may legally operate motor vehicles if not under the influence of alcohol or controlled substances and with a blood alcohol concentration of less than .10 percent. On August 14,1998, the trial court heard argument on the Motion to Quash and rendered judgment finding that the statute did indeed violate the equal protection rights of those under twenty-one years of age, contrary to Article 1, § 3 of the Louisiana Constitution.
A statute may not “arbitrarily, capriciously or unreasonably discriminate” against one because of his or her age. La. Const. Art. 1, § 3. The standard for determining’ the constitutionality of a statute which classifies persons on the basis of age is whether the classification substantially furthers an appropriate governmental purpose. Manuel v. State, 95-2189 (La.3/8/96); 692 So.2d 320, 340.
At the hearing on the motion to quash, the trial court refused the State’s motion to enter into evidence the record in Manuel v. State, 95-2189 (La.3/8/96); 692 So.2d 320. In Manuel, this Court, on rehearing, determined that certain Louisiana statutes barring purchase by, sale to, or purchases on behalf of persons under twenty-one years of age were not violative of either the Louisiana or United States Constitutions. The State, as it does here, argued that the laws in question furthered highway safety. In support of that argument, the State offered evidence which *489 showed an over-representation of eighteen to twenty-one year old drivers involved in alcohol-related accidents. All relevant evidence is admissible, unless rendered inadmissible by the laws or Constitutions of this State or of the United States. La. Code Evid. art. 402. The trial court’s refusal to allow the admission of that evidence, clearly relevant to the case at hand, was error. La.Code Evid. art. 103.
Because the trial court erred in failing to admit evidence clearly relevant to the instant inquiry, the trial court’s judgment is set aside, the case is remanded to the trial court, and the trial court is ordered to hold an evidentiary hearing and admit all evidence which is relevant as to whether La.Rev.Stat. 14:98.1 arbitrarily, capriciously, or unreasonably discriminates against persons under twenty-one years of age.
VACATED; REMANDED.

 Marcus, J., not on panel. See Rule IV, Part 2, § 3.