739 So.2d 297 (1999)
Alcee PIERCE
v.
LAFOURCHE PARISH COUNCIL.
No. 98 CA 1758.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
Rehearing Denied September 1, 1999.
*298 Edward J. Cloos, III, Covington, for Plaintiff-Appellant.
John L. Lanier, Thibodaux, for Defendant-Appellee.
Karen G. Reiners, Baton Rouge, for Richard P. Ieyoub, Attorney General.
Before: CARTER, C.J., SHORTESS and WHIPPLE, JJ.
SHORTESS, J.
On September 20, 1994, 72-year old Alcee Pierce (plaintiff) was injured while in the full-time employment of the Lafourche Parish Council (defendant). As a result of the accident he was unable to earn 90% of his pre-employment wages and thus received workers' compensation supplemental earnings benefits (SEB). Because he was receiving Social Security old-age benefits, however, his SEB payments were limited to 104 weeks by Louisiana Revised Statute 23:1221(3)(d)(iii). Injured workers who are neither retired nor receiving old-age Social Security benefits can receive SEB payments for 520 weeks.[1] Plaintiff filed suit seeking a declaration that this limitation is unconstitutional. Defendant filed a motion for summary judgment, which the trial court granted, dismissing plaintiff's suit. Plaintiff appeals.
*299 Revised Statute 23:1221(3)(d)(iii) limits the length of time the retired and those receiving Social Security old-age benefits may receive SEB benefits, as follows:
(d) The right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:
. . . .
(iii) When the employee retires or begins to receive old age insurance benefits under Title II of the Social Security Act, whichever comes first; however, the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks.
Plaintiff contends this statute discriminates on the basis of age. The attorney general contends in brief that the statute is not age-discriminatory because "[t]he injured employee, whether he is 20 years of age or 70 years of age, is prohibited from receiving both workers' compensation benefits and Social Security benefits." Under federal law, however, Social Security old-age benefits are available only to those 62 years of age and older.[2]
Article I, section 3 of the Louisiana Constitution requires the courts to apply different types of equal protection analyses to different types of legislative classifications of individuals. Every statutory classification of individuals must, at a minimum, be rationally related to a legitimate governmental purpose.[3] Laws that classify persons by race or religious ideas, beliefs, or affiliations are subject to strict scrutiny.[4] In between are certain types of legislative classifications set forth in article 1, section 3birth, age, sex, culture, physical condition, or political ideas or affiliations that cannot be used to arbitrarily, capriciously, or unreasonably discriminate against a person. When a statute classifies persons on one of these bases, it is presumed to deny the equal protection of the laws and to be unconstitutional unless the state or other advocate of the classification shows that the classification substantially furthers an important governmental objective.[5]
Not all persons age 62 and older receive Social Security old-age benefits. But no one under age 62 receives them. A law that treats persons age 62 and over less favorably than those under age 62 discriminates between them because of age and is unconstitutional unless defendant carries its burden of showing that the classification substantially furthers a legitimate state purpose.[6]
Defendant advances two rationales for the statute: (1) to reduce the cost of workers' compensation premiums for employers who are paying into multiple-benefit systems; and (2) to prevent an injured employee from receiving a duplicative benefit from different parts of the overall system. Reducing the cost of workers' compensation premiums is a legitimate state goal and is within the power of the legislature if it does not otherwise offend a constitutional guarantee.[7] The constitutional guarantee of equal protection under the laws, however, prevents employers from placing the burden of reducing premiums solely on the backs of those 62 and over.
Preventing duplication of benefits is also a legitimate state goal.[8] In Garrett v. *300 Seventh Ward General Hospital,[9] our supreme court explained the purpose of wage-loss-benefit-coordination laws:
Wage-loss benefit coordination laws are designed to achieve a dual purpose: (1) to assure, when an employee suffers a wage loss because of disability, unemployment, advanced age or death, that a certain minimum portion of the employee's actual wages is continued or, in the case of death, that the employee's dependents receive some degree of recovery of lost support; and (2) to preclude an employee from contemporaneously collecting duplicative wage-loss benefits under different parts of the overall system of employer-based protection against loss of wages.... The theory is that an employee experiencing only one wage loss should be entitled to receive only one wage-loss benefit from the employer. Benefit coordination laws thus avoid duplicative benefits collected from the employer and prevent social legislation from becoming a "grab bag" of assorted, unrelated wage-loss benefits.
While preventing duplication of benefits is a legitimate state goal, we are convinced this statute does not meet even the minimum test of bearing a rational relationship to that goal for the following reasons.
Workers' compensation benefits are paid from insurance provided by employers in exchange for their employees' forbearance from suing the employers in tort. The benefits compensate employees for loss of income resulting from work-related injuries. SEB benefits replace a portion of the salary an injured employee could have earned had he not been injured. In Al Johnson Construction Company v. Pitre,[10] the Louisiana Supreme Court tacitly approved the objective of coordinating benefits to avoid duplication.[11] An offset provision such as Revised Statute 23:1225(C)(1)(c), however, is a true benefits-coordination law because it applies to benefits under a disability benefit plan, and both disability payments and workers' compensation benefits are designed to replace lost wages.
Social Security old-age benefits, on the other hand, are not intended to replace lost wages. They are provided to persons over the statutory age regardless of injury, as long as the recipient has contributed to the Social Security Trust Fund.[12] They are not disability benefits, but old-age entitlements serving the same function as pension payments. A person may receive Social Security old-age benefits and still be employed and earn additional income. Indeed, those age 70 and older, such as plaintiff, may earn unlimited amounts without any offset against their Social Security Income.[13]
At least three state supreme courts have held that statutes that reduce or eliminate workers' compensation benefits for those receiving Social Security old-age benefits are unconstitutional.[14] The courts in Arkansas, Colorado, and West Virginia all found that the lack of any commonality of purpose between Social Security old-age benefits and workers' compensation benefits sapped the statutes of rationality. The *301 Arkansas supreme court stated in Golden v. Westark Community College:
To be sure, economic viability of the workers' compensation program and eradication of duplicate benefits are worthy and lofty goals, but we fail to see how workers' compensation benefits paid for loss of the ability to earn the same wages and a retirement benefit under social security are duplicative in any respect. The economic objective behind [the Arkansas statute] to save money may be reasonable but the means for achieving that particular end are not and, hence, the statute fails to withstand constitutional scrutiny.[15]
We find that Louisiana Revised Statute 23:1221(3)(d)(iii) arbitrarily, capriciously, and unreasonably discriminates against persons age 62 and older and unconstitutionally denies them equal protection of the laws under article I, section 3 of the Louisiana Constitution. The judgment in favor of defendant dismissing plaintiff's suit is hereby reversed, and this suit is remanded to the trial court for further proceedings consistent with this opinion. Costs of $1,804.65 are assessed to defendant, Lafourche Parish Council.
REVERSED AND REMANDED.
NOTES
[1] La. R.S. 23:1221(3)(d)(ii).
[2] 42 U.S.C. § 402.
[3] Pace v. State, 94-1027, pp. 3-4 (La.1/17/95), 648 So.2d 1302, 1305.
[4] Louisiana Associated Gen. Contractors v. State, 95-2105, p. 13 (La.3/8/96), 669 So.2d 1185, 1196.
[5] Pace, 94-1027 at 4, 648 So.2d at 1305.
[6] Id.
[7] See State ex rel. Boan v. Richardson, 198 W.Va. 545, 548, 482 S.E.2d 162, 165.
[8] See Garrett v. Seventh Ward Gen. Hosp., 95-0017 (La.9/22/95), 660 So.2d 841, rev'd on other grounds, Al Johnson Constr. Co. v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623.
[9] 95-0017 at 4, 660 So.2d at 843.
[10] 98-2564 (La.5/18/99), 734 So.2d 623.
[11] In that case the court held that Louisiana Revised Statute 23:1225C(1)(c) was not intended to include Social Security disability benefits because federal law already prevented "double recovery" from Social Security funds. The federal offset provision, 42 U.S.C. § 424a(a), however, applies only to Social Security disability benefits and not to old-age benefits.
[12] 42 U.S.C. §§ 402(a), 414.
[13] 42 U.S.C. § 403(b), (f), & (h).
[14] Golden v. Westark Community College, 333 Ark. 41, 969 S.W.2d 154 (1998); Industrial Claim Appeals Office v. Romero, 912 P.2d 62 (Colo.1996); State ex rel. Boan, 198 W.Va. 545, 482 S.E.2d 162.
[15] Golden, 333 Ark. at 52, 969 S.W.2d at 159.