762 So.2d 608 (2000)
Alcee PIERCE
v.
LAFOURCHE PARISH COUNCIL.
No. 99-CA-2854.
Supreme Court of Louisiana.
May 16, 2000.
*610 John L. Lanier, Thibodaux, Richard P. Ieyoub, Atty. Gen., Matthew Robert Richards, Baton Rouge, Counsel for Applicant.
Edward J. Cloos, III, Covington, Counsel for Respondent.
Patricia Jackson Delpit, Jacqueline Lea Egan, Baton Rouge, Counsel for Louisiana Workers' Compensation Corp. (Amicus Curiae).
MARCUS, Justice.[*]
On or about September 24, 1994, Alcee Pierce was injured while in the full-time employment of the Lafourche Parish Council (council). He was seventy-two years old at the time of the accident. As a result of his injuries, he was unable to return to his former employment or to employment at wages equaling ninety percent or more of his pre-injury wages, so the council paid him supplemental earnings benefits under La. R.S. 23:1221(3)(d)(iii) of the Louisiana Workers' Compensation Law.
On November 20, 1995, Pierce filed a petition for declaratory relief in the district court against the council. He alleged that at the time of his accident, he was receiving federal social security old age retirement benefits. Pursuant to La. R.S. 23:1221(3)(d)(iii), supplemental earnings benefits would be limited to 104 weeks rather than 520 weeks if the employee was receiving old age insurance benefits under The Federal Social Security Act. Pierce sought a judgment declaring La. R.S. 23:1221(3)(d)(iii) unconstitutional under La. Const. art. I, § 3 as a denial of equal protection of the laws on the basis of age. The petition was also served upon the attorney general. The council answered the lawsuit. The attorney general filed an exception of lack of subject matter jurisdiction.[1] After the exception was denied, *611 cross-motions for summary judgment were filed by Pierce and the council. In an affidavit in support of his motion for summary judgment, Pierce stated that due to his injuries, he was unable to return to his former employment or to employment at wages equaling ninety percent or more of his former earnings. He received supplemental earnings benefits following his injury, but they were terminated after 104 weeks. He further stated that for all months following the time he attained age 70 and until he became unable to work due to injury, he worked full time while collecting Federal Social Security Old Age Retirement benefits.
The trial judge granted the council's motion for summary judgment upholding the constitutionality of La. R.S. 23:1221(3)(d)(iii) and dismissed plaintiff's suit. Plaintiff appealed. The court of appeal reversed and found that La. R.S. 23:1221(3)(d)(iii) arbitrarily, capriciously and unreasonably discriminated against persons age 62 and older and unconstitutionally denied them equal protection of the laws under article I, § 3 of the Louisiana Constitution.[2] The writ application filed on behalf of the council and the state was granted and docketed as an appeal before this court.[3]
La. R.S. 23:1221(3)(a) of the Louisiana Workers' Compensation Act provides for the payment of supplemental earnings benefits for injury resulting in the employee's inability to earn wages equal to ninety per cent or more of wages at the time of injury. The amount of benefits to which an employee is entitled is equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment. La. R.S. 23:1221(3)(d) provides in pertinent part that the right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:
(iii) When the employee retires or begins to receive old age insurance benefits under Title II of the Social Security Act, whichever comes first; however, the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks.
La. Const. art. I, § 3 provides in pertinent part:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. (Emphasis added).
In Manuel v. State, 95-2189 (La.7/2/96), 692 So.2d 320, 339 (on rehearing), we explained that La. Const. art I, § 3 sets up a spectrum for analyzing equal protection challenges based on discriminatory classifications. At one extreme are laws that classify persons based on race or religious beliefs, and under the second sentence of Section 3, such laws are repudiated *612 completely. At the other end of the spectrum are laws that classify persons on any basis other than those expressly enumerated in Section 3 which must pass the minimum standard of being rationally related to a legitimate governmental purpose. In the middle of the spectrum are laws that classify persons on the basis of the six grounds enumerated in the third sentence of Section 3 including "age." When the court reviews such a law, the burden is on the proponent of the classification and the standard of review is heightened, requiring the proponent to establish that the classification is not arbitrary, capricious, or unreasonable because it substantially furthers an appropriate governmental objective. In Manuel, a statute setting the minimum drinking age at a level higher than age of majority survived an equal protection challenge based upon age because it furthered an appropriate governmental purpose of improving highway safety. More recently, in State v. Ferris, 98-2442 (La.5/18/99), 747 So.2d 487, we reaffirmed that the standard for determining the constitutionality of a statute which classifies persons on the basis of age is whether the classification substantially furthers an appropriate governmental purpose. The task before us is to determine whether La. R.S. 23:1221(3)(d)(iii) results in the disparate treatment of plaintiff by denying him the same supplemental earnings benefits as others based upon his age.
La. R.S. 23:1221(3)(d)(iii) provides for two events which trigger the termination of supplemental earnings benefits. The first is "when the employee retires." In the instant case, Pierce did not retire from the workforce so the issue of whether this portion of the statute terminating benefits when an employee retires was not before the court of appeal. The court of appeal erred in reaching this issue and declaring this part of La. R.S. 23:1221(3)(d)(iii) unconstitutional. Therefore, the unconstitutionality of this part of La. R.S. 23:1221(3)(d)(iii) is not before us.
The second event that triggers a termination of supplemental earnings benefits after 104 weeks instead of 520 weeks is "when the employee begins to receive old age insurance benefits under Title II of the Social Security Act." It is this event which plaintiff argues results in age based discrimination for the following reason. Only persons 62 years of age or older can receive old age insurance benefits.[4] Therefore, only persons 62 or over who are injured while employed are subject to the termination of supplemental earnings benefits after 104 weeks. Hence, even though the statute does not mention "age," nevertheless, this part of the statute's application treats persons in the workforce over age 62 differently from persons under age 62 and results in age based discrimination. The council and the state argue that the triggering event for treating individuals differently is not age but the receipt of social security old age benefits. They further argue that the statute is based upon economic and social considerations, and as such, only a minimal level of constitutional scrutiny is required to uphold this portion of the statute.
We find that this part of La. R.S. 23:1221(3)(d)(iii), which terminates supplemental earnings benefits when the claimant receives social security old age benefits, results in the disparate treatment of employees injured in the workplace who are 62 years of age or older from those under age 62. A law that discriminates based upon age is unconstitutional unless the proponents of the statute (the council and the state) can carry their burden of proving that the classification substantially furthers a legitimate governmental purpose.
The council and the state contend that this part of La. R.S. 23:1221(3)(d)(iii) seeks to further two legitimate governmental purposes. The first is to preserve the *613 fiscal integrity of the workers' compensation system by reducing the cost of compensation paid by employers into the overall system. They argue that the statute can reduce the exposure for employers who employ older workers and encourage the hiring of older workers by limiting the amount of liability that an employer faces if an older employee is injured on the job. While the state may have a valid interest in preserving the fiscal integrity of the system of workers' compensation benefits, we find that the council and the state have not shown that the fiscal integrity of the workers' compensation system is in need of legislation to preserve its integrity. Moreover, it is difficult to believe that the savings provided to the employer in the overall benefits system by reducing the supplemental earnings benefits from 520 to 104 weeks for workers in this age category would have any significant effect on preserving the fiscal integrity of the system. Therefore, the council and the state failed to prove that the classification furthers a legitimate governmental purpose. When the application of the statute results in placing the burden of reducing compensation benefits solely upon employees over age 62 who receive social security old age benefits, without substantially furthering a legitimate governmental interest, then discrimination based upon age occurs. Hence, classification based on this rationale does not withstand constitutional scrutiny.
The second rationale advanced by proponents is that this part of the statute coordinates wage loss benefits and avoids duplication of benefits paid to any one employee. Coordination of wage loss benefits in the overall system of workers' compensation seeks to assure that the employee receive some degree of recovery of his lost wages while precluding the employee from recovering duplicative benefits under different parts of the system that could exceed the actual wages earned prior to the disability. Al Johnson Const. Co. v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623, 625. The theory is that an employee experiencing only one wage loss should be entitled to receive only one wage loss benefit from the employer. Garrett v. Seventh Ward Gen. Hosp., 95-0017 (La.9/22/95), 660 So.2d 841, 843 (overruled on other grounds), citing 4 Arthur Larson, Worker's Compensation § 97.10 (1995). The council and the state reason that Social Security old age benefits are part of the overall system of wage loss replacement benefits because such benefits are intended to partially replace the wages that were formerly earned before a person retired. Thus, La. R.S. 23:1221(3)(d)(iii) seeks to coordinate the receipt of old age benefits and workers' compensation supplemental earnings benefits by limiting entitlement to both benefits to a period of only 104 weeks and terminating the supplemental earnings benefits after that period of time. Hence, the statute substantially furthers the appropriate governmental interest of avoiding the duplication of benefits.
Plaintiff contends that workers' compensation benefits and social security old age benefits do not represent duplicative benefits and should not be coordinated because they are based on two different theories of recovery. Workers' compensation benefits are provided to compensate employees for loss of income resulting from work-related injuries and are paid by employers in exchange for the employee's forbearance from suing the employer in tort. In contrast, social security old age benefits are provided to persons regardless of injury as long as the recipient has reached the statutory age, has been employed and has contributed to the Social Security Trust Fund. Thus, withholding workers' compensation benefits from persons who are receiving social security old age benefits is not rationally related to the goal of preventing duplicative benefits because the two types of benefits do not serve the same purpose.
For purposes of this decision, we need not decide whether workers' compensation benefits and social security old age *614 benefits should be coordinated because we find that La. R.S. 23:1221(3)(d)(iii) is not a wage loss coordination statute. A true wage loss coordination statute is designed to prevent double recovery of benefits from different parts of the overall system while ensuring that an employee receives at least that amount that the employer is obligated to pay under the workers' compensation law. In Garrett, in analyzing La. R.S. 23:1225, which is intended to be a true wage loss benefit coordination law, we stated that the wage-loss coordination provision of Section 1225(C)(1) was designed to add all the benefits not funded by the employee; and, if the combined benefits exceeded 66 2/3 percent of the employee's average weekly wage, the employer would be given an offset of the excess against the obligation to pay workers' compensation benefits. Garrett, 660 So.2d at 845 (quoting Dennis P. Juge, Louisiana Workers' Compensation § 12:5(1995)). Thus, the statute provides Louisiana employers with an offset against their workers' compensation obligation of benefits provided by different employer-based sources and establishes a state ceiling of benefits to which an employee is entitled. Garrett, 660 So.2d at 845.[5]
In contrast, La. R.S. 23:1221(3)(d)(iii) does not "coordinate" supplemental earnings benefits and social security old age benefits. Instead, the statute provides for supplemental earnings benefits to terminate after 104 weeks without regard to the amount of social security old age benefits the injured employee is receiving or will receive. There is no assurance under this statute that after termination of supplemental earnings benefits, an employee will receive two-thirds of his former earnings. Thus, an employee's social security old age benefits could provide him with considerably less benefits than he was receiving under the workers' compensation law. Moreover, a true coordination statute like La. R.S. 23:1225(C)(1) excludes from offset those contributions funded by the employee, whereas La. R.S. 23:1221(3)(d)(iii) does not take into account the fact that a percentage of social security old age benefits is employee funded. If we were to reduce an employee's social security old age benefits by the percentage funded by the employee, it would be even more likely that an employee receiving social security old age benefits, whose supplemental earnings benefits are terminated after 104 weeks, would receive considerably less than an employee under age 62 who is not a recipient of social security old age benefits.
The council and the state had the burden of proving that this part of La. R.S. 23:1221(3)(d)(iii) substantially furthered an appropriate governmental objective of coordinating wage loss replacement and preventing the duplication of benefits. They have failed to do so. The statute's application results in disparate treatment of employees over age 62 from employees under age 62 and thus unconstitutionally discriminates against those persons on the basis of age.
In sum, we conclude that the part of La. R.S. 23:1221(3)(d)(iii) which provides that supplemental earnings benefits shall terminate "when an employee begins to receive old age insurance benefits under Title II of the Social Security Act" after having received not less than one hundred four weeks of supplemental earnings benefits unconstitutionally denies plaintiff equal protection of the laws under article I, § 3 of the Louisiana Constitution.
*615 The unconstitutionality of one portion of a statute does not necessarily render the entire statute unenforceable. If the remaining portion of the statute is severable from the offending portion, this court may strike only the offending portion and leave the remainder intact. State v. Williams, 400 So.2d 575, 580 (La.1981). The test for severability is whether the unconstitutional portions of the statute are so interrelated and connected with the rest of the statute that they cannot be separated without destroying the intention manifested by the legislature in passing the act. Polk v. Edwards, 626 So.2d 1128, 1148 (La.1993); State v. Azar, 539 So.2d 1222, 1226 (La.1989). In the instant case, it is clear that removal of the phrase "or begins to receive old age insurance benefits under Title II of the Social Security Act" will not affect the legislative intent behind La. R.S. 23:1221(3)(d)(iii) which is to allow an employee to receive 520 weeks of supplemental earnings benefits, but to terminate the benefits after 104 weeks if the employee retires and removes himself or herself from the workforce. The offending portion can be severed while leaving the remainder of the statute intact. We find the court of appeal erred in so far as it declared La. R.S. 23:1221(3)(d)(iii) unconstitutional in its entirety and it failed to sever the unconstitutional portion of the statute.

DECREE
For the reasons assigned, the judgment of the court of appeal declaring that portion of La. R.S. 23:1221(3)(d)(iii) which states "begins to receive old age insurance benefits under Title II of the Social Security Act, whichever comes first" unconstitutional is affirmed. The judgment of the court of appeal declaring the remainder of La. R.S. 23:1221(3)(d)(iii) unconstitutional is reversed. The case is remanded to the district court for further proceedings. Costs are assessed against defendants.
NOTES
[*] Lemmon, J., not on panel. Rule IV, Part 2, § 3.
[1] The attorney general alleged in the exception of lack of subject matter jurisdiction that the Office of Workers' Compensation hearing officers were vested with original, exclusive jurisdiction of this matter rather than the district court. The trial judge granted the exception and dismissed the suit. Pierce appealed and the court of appeal reversed and remanded to the district court based on this court's decision in Albe v. La. Workers' Comp. Corp., 97-0581, 97-0014 (La.10/21/97), 700 So.2d 824. See Pierce v. Lafourche Parish Council, 96-1603 (La.App. 1st Cir. 12/29/97), 706 So.2d 178.
[2] Pierce v. Lafourche Parish Council, 98-1758 (La.App. 1st Cir. 6/25/99), 739 So.2d 297.
[3] Pierce v. Lafourche Parish Council, 99-2854 (La.12/10/99), 751 So.2d 242. La. Const. art. 5, § 5(D) provides that a case shall be appealable to the supreme court if a law or ordinance has been declared unconstitutional.
[4] See 42 U.S.C. § 401 et seq.
[5] The issue presented in Garrett and later in Al Johnson was whether social security disability benefits should be coordinated and offset with workers' compensation benefits under La. R.S. 23:1225(C)(1)(c). Those cases did not address whether workers' compensation benefits should be coordinated and offset by social security old-age benefits. The issue of whether it is constitutional under an equal protection analysis to reduce workers' compensation benefits under La. R.S. 23:1225(C)(1)(b) if the employee is also receiving social security old age benefits is not before us in this case. Courts of other jurisdictions that have confronted the issue of whether workers' compensation benefits and social security old age benefits should be coordinated are divided in their resolution.