bPER CURIAM*
The judgment of the court of appeal denied Wal-Mart Stores, Inc. the right to reduce claimant’s workers’ compensation benefits under La. R.S. 23:1225(C)(1)(b), based on claimant’s receipt of Social Security old-age benefits. Upon Wal-Mart’s application, we granted certiorari to review the correctness of this decision. Wal-Mart Stores, Inc. v. Keel, 99-1540 (La.9/24/99), 747 So.2d 570.
After this case was taken under advisement, we rendered our opinion in Pierce v. LaFourche Parish Council, 99-2854 (La.5/16/00), 762 So.2d 608. Pierce involved the constitutionality of La. R.S. 23:1221(3)(d)(iii), which also involves the interplay between workers’ compensation benefits and Social Security old-age benefits. Because the parties did not have the benefit of our opinion in Pierce at the time this matter was tried, we find the interests of justice require that the court of appeal’s judgment be vacated and the matter be transferred to the Office of Workers’ Compensation for further proceedings. Should claimant seek to challenge the 1 ^constitutionality of La. R.S. 23:1225(0 on remand,[1] the workers’ compensation hearing officer may transfer the matter to the appropriate district court for resolution of this issue. See Albe v. Louisiana Workers’ Compensation Corp., 97-0581 (La.10/21/97), 700 So.2d 824.
DECREE
For the reasons assigned, the judgment of the court of appeal is vacated and set aside, and the case is remanded to the Office of Workers’ Compensation for further proceedings consistent with this opinion.
LEMMON, J., concurs, not agreeing necessarily that constitutionality may only be raised by a pleading.

 Traylor, J., not on panel. Rule IV, Part II, § 3.

. The.record indicates claimant raised the issue of constitutionality in her memorandum filed in the Office of Workers’ Compensation, although she did not specifically plead the unconstitutionality of the statute as required by Vallo v. Gayle Oil Co., 94-1238 (La. 11/30/94), 646 So.2d 859.