I .YELVERTON, J.
This appeal is from a ruling of the Office of Workers’ Compensation Administration awarding temporary total disability benefits to a nursing home employee for mental injury she suffered following an assault by a co-worker.
FACTS AND PROCEDURAL HISTORY
Ruby Nell Hubbard was a licensed practical nurse (LPN) for Lakeland Nursing Home Limited Partnership (the nursing home). On August 11, 1996, Ms. Hubbard was physically assaulted by Tanya Carpenter, a certified nursing assistant and coworker. Ms. Hubbard sustained facial abrasions which required stitches, a broken nose, and broken eyeglasses. At the time of the incident, Ms. Hubbard was 67 years old.
The Nursing Home Association Self-Insurers Fund ( a self-insured fund) paid 104 weeks of supplemental earnings benefits and certain medical and related expenses. After 104 weeks had passed, the nursing home terminated the weekly compensation benefits pursuant to Louisiana Revised Statute Article 23:1221(3) (d) (iii) which provided that supplemental earnings benefits would terminate when the employee retired or began to receive old age insurance benefits under Title II of the Social Security Act. The article also stated that in such a situation supplemental earnings benefits would be limited to 104 weeks rather than 520 weeks. Ms. Hubbard started to receive social security benefits when she reached the age of 70. Ms. Hubbard’s workers’ compensation benefits were terminated August 10,1998.
On August 19, 1998, she filed a form 1008, a disputed claim for compensation, with the Office of Workers’ Compensation maintaining that her weekly benefits ^should not have been terminated. The case was tried May 3, 2000. On May 16, 2000, after the trial of the case, the Louisiana Supreme Court found Louisiana Revised Statute Article 23:1221(3) (d) (iii) unconstitutional. Pierce v. Lafourche Parish Council, 99 2854 (La.5/16/00); 762 So.2d 608. The court found that the part of the statute “which terminates supplemental earnings benefits when the claimant receives social security old age benefits, results in disparate treatment of employees injured in the workplace who are 62 years of age or older from those under age 62.” Id. at 612. Nonetheless, the nursing home did not reinstate Ms. Hubbard’s benefits.
In the instant case, the trial court found that Ms. Hubbard had not proved that she was permanently and totally disabled, however, she had proved that she was temporarily totally disabled and entitled to benefits until she was capable of returning to work. It is from this ruling that the nursing home appeals.
OPINION
Ms. Hubbard claims that she is at least temporarily totally disabled and entitled to *97 workers’ compensation indemnity benefits until she is capable of returning to work. While the trial court found that based on the evidence she was not permanently and totally disabled, it did find that she was temporarily totally disabled and entitled to temporary total disability benefits until it is established that she can return to some type of work. The appellants argue that the trial judge committed legal error using the preponderance of the evidence standard in finding that Ms. Hubbard was temporarily and totally disabled. They also contend there is no clear and convincing evidence in the record that Ms. Hubbard is temporarily and totally disabled as a result of the mental injury.
| ¡¡Louisiana Revised Statute Article 23:1221(l)(a) and (c) (emphasis added) provide the following:
(a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
[[Image here]]
(c) For purposes of Subparagraph (l)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (l)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by dear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
See also McDonnell v. Nestle Beverage Co., 97-2029 (La.App. 4 Cir. 4/22/98); 714 So.2d 757.
“When the court of appeal finds that a reversible error of law was made in the proceedings below, it is required to redetermine the facts de novo from the entire record and render a judgment on the merits.” Tanner v. International Maintenance Corp., 602 So.2d 1133, 1137— 38 (La.App. 1 Cir.1992) (citing Gonzales v. Xerox Corporation, 320 So.2d 163 (La. 1975)).
The pertinent language of the Judgment rendered is as follows:
2. Ruby Nell Hubbard did prove by a preponderance of the evidence that she is temporarily and totally disabled.
We find that by using the wrong standard of law, the trial court committed legal error. Thus, we must redetermine the facts de novo and render a judgment on |4the merits. We must determine whether Ms. Hubbard proved by clear and convincing evidence that she is unable to engage in any employment or self-employment.
All of the psychiatric evidence established that Ms. Hubbard suffered from post-traumatic stress disorder as a result of the physical beating she received on August 11, 1996. The only dispute among the doctors was whether or not Ms. Hubbard would be capable of returning to work immediately or in the future. Submitted into evidence were the depositions of Drs. Robert Moore, Daniel J. Lonowski, *98 Paul Ware, Forrest Pommerenkek and the claimant, Ruby Nell Hubbard, medical records from Dr. Lonowski, Rapides Regional Medical Center, Dr. Pryor, Dr. Moore, Rapides Industrial, Dr. Ware, LSUMC-S Family Practice, and a report of Dr. George Hearn. Ms. Hubbard was the only witness who testified at the trial.
Based on the deposition testimonies and reports of the doctors who evaluated and/or treated Ms. Hubbard, the general consensus is that Ms. Hubbard is not capable of returning to work at this time without further counseling and therapy. Dr. Ware, who performed a two-hour psychiatric evaluation, was the only doctor who testified that Ms. Hubbard’s psychiatric symptoms were not of such magnitude as to prevent her from returning to work. Dr. Hearn, a vocational consultant appointed by the court, opined that the prognosis for Ms. Hubbard to return to full-time work is poor and to return to part-time work is guarded. Dr. Pryer opined that any type of future gainful employment was extremely doubtful. Dr. Moore, Ms. Hubbard’s treating physician since 1987, opined that Ms. Hubbard would not be able to return to work, but somewhere down the line he felt that she would be capable of returning to some similar type of employment. He later said that he believed that she was capable of working, but this was based on what the trial court found to have been an erroneous ^assumption that she was currently working as a sitter. Dr. Lonowski testified that with the symptoms that Ms. Hubbard was experiencing, she was not employable.
After reviewing the record in its entirety and redetermining the facts de novo, we find that there is clear and convincing evidence in the record that Ms. Hubbard suffered a mental injury that has caused her to be temporarily and totally disabled. We find that Ms. Hubbard is not currently employable but might be able to work part-time in the future as long as it is coupled with psychological counseling.
CONCLUSION
Based on the foregoing, we find that Ms. Hubbard is temporarily totally disabled and entitled to workers’ compensation benefits from August 10, 1998 to the present. Costs are assessed to appellant.
AFFIRMED.