J^PICKETT,- Judge.
FACTS
On December 13, 1995, Imogene Stroud sustained a back injury when the vehicle she was operating was rear-ended while she was in the course and scope of her employment with Morrison Nursery. In January of 1996, she began receiving temporary total disability benefits in the amount of $177.50 per week pursuant- to a judgment of the Office of Workers’ Compensation (hereinafter. “OWC”). Subsequently, her Employer filed a petition with OWC to terminate her benefits under La. R.S. 23:1221(3)(d)(iii) on the grounds that Ms. Stroud was receiving social security old age retirement benefits. Ms. Stroud had been receiving social security benefits since 1992 when she reached the age of 70; at the time of the accident she was receiving $354.30. A hearing was held to determine whether or not her benefits should be terminated since Ms. Stroud was receiving social security retirement benefits prior to the accident.
La.R.S. 23:1221(3)(a) of the Louisiana Workers’ Compensation Act provides for the payment of supplemental earnings benefits for injury resulting in the employee’s inability to earn wages equal to ninety per cent or more of wages at the time of injury. La.R.S. 23:1221(3)(d) provides, in pertinent part, that the right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:
(iii) When the employee retires or begins to receive old age insurance benefits under Title II of the Social Security Act, whichever comes first; however, the period during which supplemental earnings benefits may be payable shall not be less than one hundred four weeks.
| ¡Although the workers’ compensation judge found that the employee was entitled to supplemental earnings benefits, she granted the Employer’s petition to terminate because claimant had received benefits in excess of 104 weeks under the statute. The workers’ compensation judge also found that Ms. Stroud could not be labeled as temporarily totally disabled nor permanently totally disabled under Section 1221 of the Workers’ Compensation Act. Ms. Stroud appealed the workers’ compensation judge’s decision. The appellate court affirmed, and the claimant took writs to the Louisiana Supreme Court, which were denied on October 1,1999.
In the interim, the Plaintiff filed a Petition for Declaratory Relief in district court against Morrison Nursery and the Attorney General seeking to have La.R.S. 23:1221(3)(d)(iii) declared unconstitutional. However, the Petition for Declaratory Relief was stayed by the workers’ compensation judge at the request of the Attorney General pending a decision in the case Pierce v. Lafourche Parish Council, 98-1758 (La.App. 1 Cir. 6/25/99); 739 So.2d 297, writ granted, 99-2854 (La.12/10/99); 751 So.2d 242. On May 16, 2000, the Louisiana Supreme Court ruled that La. R.S. 23:1221(3)(d)(iii) was unconstitutional. Pierce v. Lafourche Parish Council, 99-2854 (La.5/16/00); 762 So.2d 608.
Plaintiff, through counsel, made written demands for reinstatement of benefits. The Employer did not comply with these demands. Therefore, Plaintiff filed suit for the reinstatement of her benefits. In response, the Employer filed an Exception of Res Judicata. A trial was held on April 11, 2001. The workers’ compensation judge denied the Employer’s exception and *135 ruled that Ms. Stroud was entitled to have the benefits reinstated retroactive to the date of termination. However, the court ruled that the failure to reinstate benefits after the Pierce decision was not “arbitrary and [¡^capricious,” and denied Plaintiffs claim for penalties and attorney fees. On May 4, 2001, a written judgment ordering the same was filed. Plaintiff instituted the instant appeal asserting one assignment of error.
DISCUSSION
The Plaintiff argues one assignment of error only, that the court erred by failing to assess penalties and attorney fees. The Employer timely filed an Answer to the appeal which sets forth two assignments of error: 1) The trial judge erred in denying the Employer’s Exception of Res Judicata and in otherwise allowing Plaintiffs benefits to be reinstated even though a judgment allowing termination of benefits was rendered final by denial of Plaintiffs Application for Supervisory Writs to the Louisiana Supreme Court on October 1, 1999; and 2) The trial court erred in giving retroactive application to Pierce.
We will address the Employer’s assignments of error first.
The Employer first argues the judgment terminating benefits is a final judgment and the Plaintiff is barred from re-visiting the issue of entitlement to benefits because the issue is res judicata. Accordingly, the trial court should have granted the appellee’s exception on this issue. We find no merit to this argument.
The Plaintiffs benefits were terminated pursuant to a valid judgment based on the law in existence at that time. The Plaintiff appealed that judgment, and the appellate court affirmed the lower court’s decision. The Louisiana Supreme Court denied writs. However, following the supreme court’s ruling in Pierce, which declared La.R.S. 23:1221(3)(d)(iii) unconstitutional, the Plaintiff brought suit against her Employer to have her benefits reinstated. The workers’ compensation judge ruled in her favor.
l4La.R.S. 13:4231 provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
[[Image here]]
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of a final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
Usually, once a judgment has become final, parties are bound by it, regardless of any future change of circumstances, but workers’ compensation judgments are treated differently from ordinary judgments. If the rules of finality applied to ordinary civil judgments were applied to workers’ compensation judgments, the flexibility of the workers’ compensation system would be greatly restricted. La. Code Civ.P. arts. 425, 1841; La.R.S. 23:1310.8; Critser v. Dillard’s Dept. Stores, Inc., 99-3113 (La.App. 1 Cir. 2/16/01); 791 So.2d 702. Where the legislature has expressly provided that an award or judgment can be subject to a claim of modification, res judicata does not apply. Id.
The appellee further argues the trial court erred in retroactively applying the supreme court’s ruling in Pierce to the matter before us.
The legislative intent behind La.R.S. 23:1221(3) (d) (iii) is to allow an employee to *136 receive 520 weeks of supplemental earnings benefits and to terminate the benefits after 104 weeks if the employee retires and removes himself or herself from the workforce.
In the matter before us, the Plaintiff was a full-time employee at the time of the accident. As a result of the injuries she sustained she has been prevented from returning to work. The Plaintiff brought an action for the reinstatement of her | .¡benefits when the supreme court determined the section pursuant to which her benefits were previously terminated is unconstitutional. There was never a judgment terminating benefits based on her retiring and removing herself from the workforce. The judgment terminating her benefits has been found by this court to be subject to modification. Accordingly, we find no error in the retroactive application of Pierce.
The Plaintiff argues the trial court erred in denying her request for penalties and attorney fees.
Subsequent to the adverse ruling by the workers’ compensation judge the Plaintiff filed a petition against Morrison Nursery and the Attorney General in district court seeking to have La.R.S. 23:1221(3)(d)(iii) declared unconstitutional. This petition was stayed pursuant to a request by the Attorney General pending the supreme court’s issuance of a ruling in the matter of Pierce, 762 So.2d 608, already pending before the supreme court.
When the supreme court acted in Pierce and declared La.R.S. 23:1221(3)(d)(iii) unconstitutional, the Plaintiff made written demands upon appellee for reinstatement of benefits. The appellee did not comply with these demands. The Plaintiff filed a petition for reinstatement of benefits. The appellee responded by filing its Exception of Res Judicata. The workers’ compensation judge ultimately determined the ap-pellee’s failure to reinstate the benefits following the ruling in Pierce was not arbitrary and capricious. We disagree.
Whether penalties and attorney fees are due depends upon on two things (1) whether the employer’s conduct meets the standard to be applied in determining whether a workers’ compensation claimant is entitled to penalties and attorney fees pursuant to La.R.S. 23:1201and (2) whether the factual situation is such that La.R.S. 23:1201 applies.
|fiThe supreme court considered the proper standard to be applied in determining whether a workers’ compensation claimant is entitled to penalties and attorney fees pursuant to La.R.S. 23:1201 in Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98); 721 So.2d 885. In Brown, the claimant sought penalties and attorney fees allegedly due as a result of employer’s untimely and inadequate payment of temporary total disability payments. The Court held that the arbitrary and capricious standard no longer applies to actions brought under this statute and statutory penalties and attorney fees shall be awarded if employer or insurer fails to timely pay benefits due claimant pursuant to La. R.S. 23:1201 unless the claim is reasonably controverted or such nonpayment results from conditions over which employer or insurer had no control. Id. at 886.
Therefore, the proper standard to be applied in determining whether a workers’ compensation claimant is entitled to penalties and attorney fees pursuant to La.R.S. 23:1201 for untimely payment is whether the employee’s rights to benefits were reasonably controverted by the employee or his insurer.
Next, it must be determined whether the factual situation is such that La.R.S. 23:1201 applies.
*137 La.R.S. 23:1201(F) provides, in pertinent part:
that failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim....
In the instant case, following the supreme court’s ruling in Pierce, which addressed the very same issue under similar facts, the Employer did not reinstate the Plaintiffs supplemental earnings benefits. Subsequently, the Plaintiff made legal 17demand for reinstatement of benefits through counsel and later filed a Petition when the Employer failed to comply with these demands.
We find that La.R.S. 23:1201(F) is applicable to the instant matter and that the workers’ compensation judge erred in ruling that the Employer’s failure to reinstate benefits after the Pierce decision was not arbitrary and capricious.
Further, we find that the Employer failed to reasonably controvert the Plaintiffs claim for benefits, and thus, the Plaintiff is entitled to penalties in the sum of $2,000 and attorney fees in the sum of $5,000.
In accordance with this opinion we affirm the portion of the trial court’s judgment denying the Employer’s Exception of Res Judicata and the trial court did not err in giving retroactive application to Pierce. We reverse the trial court’s ruling that the failure to reinstate benefits after the Pierce decision was not arbitrary and capricious, and denied the Plaintiffs claim for penalties and attorney fees.
Costs are assessed to the Employer.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.