DOUCET, Chief Judge.
Big Star of Many (Big Star) appeals a judgment by the workers’ compensation judge denying an offset of social security benefits against benefits owed where the benefits were received only as a spouse on her husband’s record.
Marie Thompson was injured in the course and scope of her employment for Big Star. She cut her arm to the bone on a meat slicing machine. Big Star’s insurer, American Casualty Insurance (American Casualty), apparently paid benefits until Thompson failed to attend a scheduled independent medical examination (IME). At that time they terminated benefits. They admit in brief that this termination was improper. Big Star and American Casualty filed to compel Thompson to submit to han IME. Thompson filed to force reinstitution of benefits and for penalties and attorney’s fees. Big Star and American Casualty supplemented their demand with a demand to offset social security benefits received by Thompson against their liability for payment of benefits. All claims except that for offset were settled. At the request of the office of worker’s compensation, the Social Security Administration supplied a properly executed form showing that Thompson was receiving $425.40 per month in retirement benefits. A hand written note at the bottom of the form states that: “She is qualified only as a spouse on her husband’s record — she is not insured on her own record.”
A hearing was held on the claim for offset. Counsel for the defendants did not attend the hearing. The Worker’s Compensation Judge dismissed the claim based first on the failure to attend the hearing, and alternatively on a finding that La.R.S. 28:1225 does not apply to benefits received on account of a spouse’s payment into the system. Big Star and American Casualty appeal.
Big Star and American Casualty argue that La.R.S. 28:1225 allows for offset of any social security benefits received by a worker’s compensation claimant. La.R.S. 23:1225 provides:
A. The benefits provided for in this Subpart for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subehapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and worker’s compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that would have been ^payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee’s injury.
B. No compensation benefits shall be payable for temporary or permanent total disability or supplemental earnings benefits under this Chapter for any week in which the employee has received or is receiving unemployment compensation benefits.
C. (1) If an employee receives remuneration from:
*315 (a) Benefits under the Louisiana Workers’ Compensation Law.
(b) Old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.
(e) Benefits under disability benefit plans in the proportion funded by an employer.
(d) Any other workers’ compensation benefits,
then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers’ compensation benefit, so that the aggregate remuneration from subparagraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.
(2) Notwithstanding the provisions of Paragraph (1) of this Subsection, benefits payable for injury to an employee under this Chapter shall not be reduced by the receipt of benefits under this Chapter or any other laws for injury or death sustained by another person.
(3) If an employee is receiving both workers’ compensation benefits and disability benefits subject to a plan providing for reduction of disability benefits, the reduction of workers’ compensation benefits required by Paragraph (1) of this Subsection shall be made by taking into account the full amount of employer funded disability benefits, pursuant to plan provisions, before any reduction of disability benefits are made.
(4) If a conflict arises between the application of the provisions of this Section and those of any other Louisiana law or contract of insurance, the provisions of this Section shall control.
UP- The compensation benefits payable to a professional athlete under any provision of this Chapter shall be reduced or offset by an amount equal to the total amount of benefits, wages, or other type of payment mentioned in any part of this provision on a dollar-for-dollar basis and not just on a week-to-week basis, if a professional athlete receives payment or remuneration from any of the following or payment of any type from any of the following:
(1) Any wages or benefits payable or paid to the athlete.
(2) A collective bargaining agreement.
(3) A contract of hire of any type.
(4) Any type of severance pay.
(5) Any type of injured reserve pay.
(6) Any type of termination pay.
(7) Any grievance or settlement pay.
(8) Any worker’s compensation benefit of any type.
(9) Any other payment made to the professional athlete by the employer pursuant to any contract or agreement whatsoever.
The plaintiff argues that to allow offset of an amount Thompson is receiving on account of her husband’s payment into the system, rather than as a result of her own labor, in no way fosters the purpose of the off-set provision as laid out in Garrett v. Seventh Ward General Hosp., 95-0017, pp. 3-4 (9/22/95); 660 So.2d 841, 843:
Wage-loss benefit coordination laws are designed to achieve a dual purpose: (1) to assure, when an employee suffers a wage loss because of disability, unemployment, advanced age or death, that a certain minimum portion of the employee’s actual wages is continued or, in the case of death, that the employee’s dependents receive some degree of recovery of lost support; and (2) to preclude an employee from contemporaneously collecting duplicative wage-loss benefits under different parts of the overall system of employer-based protection against loss of wages. Benefit coordination laws are based on the premise that an employee experiencing a period of wage loss should not be permitted to receive duplicative benefits from different parts of the overall system provided by the employer and thereby recover more than the amount of his or her actual wages. The theory is that an employee ^experiencing only one wage loss should be entitled to receive only one wage-loss benefit from the employer. Benefit coordination laws thus avoid duplicative benefits collected from the employer and prevent social legislation from becoming a “grab bag” of assorted, unrelated wage-loss benefits. 4 Arthur Larson, Worker’s Compensation § 97.10 (1995).
*316 In this case, Thompson is not “collecting duplicative wage-loss benefits under different parts of the overall system of employer-based protection against loss of wages.” The Social Security benefits represent payment made on behalf of Thompson’s spouse. They are not retirement benefits paid because of her own payment into Social Security nor do they represent Social Security benefits received because of her own disability. There is nothing of record to indicate that Thompson’s work status has any effect on her entitlement to these benefits. If offsets are allowed in such circumstances, the result will not be to prevent receipt of duplicative benefits. Rather, in many cases, such an offset would give a windfall to the employer and reduce the claimant’s income below sixty-six and two-thirds percent of their income prior to the accident. Therefore, we find that the worker’s Compensation judge did not err in finding that Big Star may not offset the Social Security benefits received by Thompson on her husband’s account.
The judgment of the worker’s compensation judge is affirmed. Costs of this appeal are to be paid by Big Star of Many and American Casualty Insurance Company.
AFFIRMED.