h BROWN, Judge.
The facts of this workers’ compensation case were stipulated. The legal issue is whether Wal-Mart Stores, Inc., is entitled to a reduction in workers’ compensation benefits owed its disabled employee, Parthena Keel. The workers’ compensation judge (“WCJ”) ordered a reduction. We reverse.

Facts and Procedural History

Mrs. Keel started work with Wal-Mart on June 26, 1987. A year later, in June 1988, at age 60, Mrs. Keel began receiving Social Security widow’s benefits. These federal benefits were small and Mrs. Keel continued to work at Wal-Mart to supplement her income. There is nothing of record to indicate that Mrs. Keel’s work status had any effect on her entitlement to these payments. Rather, they represented benefits due to the death of her wage-earner husband.
In June 1993, when she was 65 years old, Mrs. Keel switched to her own record and began receiving Social Security retirement benefits in the amount of $560 per month less $36.60 per month for Medicare premiums. By switching to her own account, Mrs. Keel increased her Social Security benefits by approximately $66 per month. These sums were paid because of Mrs. Keel’s age as distinguished from benefits based on disability.
On March 21, 1995, Mrs. Keel, who continued to supplement her Social Security income by working for Wal-Mart as a cashier/door greeter at an average weekly wage of $129, was injured in an on-the-job accident. By agreement, Mrs. Keel was paid temporary total disability benefits by Wal-Mart in the amount of $86.43 per week. By December 1996, Mrs. Keel’s Social Security benefits had increased to $728 per month less a $43.80 deduction for Medicare premiums. In July 1997, Wal-Mart filed this claim with the Office of Workers’ Compensation seeking to reduce its compensation payments under La. R.S. 23:1225(0(1). The |¡WCJ thereafter rendered judgment significantly reducing Mrs. Keel’s weekly benefits from $86.43 to $6.78. It is from this judgment that Mrs. Keel has appealed.

Discussion

La. R.S. 23:1225(0(1) provides:
C. (1) If an employee receives remuneration from:
(a) Benefits under the Louisiana Workers’ Compensation Law.
(b) Old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.
(c) Benefits under disability benefit plans in the proportion funded by an employer.
*76 [[Image here]]
[t]hen compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers’ compensation benefit, so that the aggregate remuneration from subparagraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.
The statute is not self-activating; an employer must make judicial demand for the reduction and any reduction applies prospectively from the date of demand. Cross v. Travelers Insurance Company, 619 So.2d 610 (La.App. 2d Cir.1993). The employer has the burden of proof concerning entitlement to and the amount of the reduction. Holmes v. International Paper Company, 559 So.2d 970 (La.App. 2d Cir. 1990).
Mrs. Keel was initially receiving Social Security benefits as a widow due to the death of her husband. She started receiving these benefits one year after she went to work for Wal-Mart. La. R.S. 23:1225(C)(2) states that the reduction allowed an employer obligated to pay workers’ compensation is not applicable to | ^benefits received by a claimant for the injury or death of another person. Big Star of Many v. Thompson, 97-1330 (La. App. 3d Cir.03/06/98), 710 So.2d 313. In this posture, Wal-Mart agrees that it would not be entitled to a reduction but argues that the circumstances changed when Mrs. Keel switched to her own account.[1]
In 1993, Mrs. Keel switched from widow’s benefits to her own record because it provided $66.40 more per month. These benefits were being received by her at the time of her work-related injury. The reduction for Social Security disability benefits under La. R.S. 23:1225(C)(1)(c) was explained by the Louisiana Supreme Court in Garrett v. Seventh Ward, General Hospital, 95-0017 (La.09/22/95), 660 So.2d 841, 843, as follows:
Benefit coordination laws are based on the premise that an employee experiencing a period of wage loss should not be permitted to receive duplicative benefits from different parts of the overall system provided by the employer and therefore recover more than his or her actual wages. The theory is that an employee experiencing only one wage loss should be entitled to receive only one wage-loss benefit from the employer. (Emphasis added).
In this case, Mrs. Keel is not collecting duplicative benefits for a disability from the overall system provided by the employer. There is nothing in this record to suggest that Mrs. Keel’s work status with Wal-Mart had any effect on her right to these Social Security retirement benefits which are based on her age, not on disability. A reduction in this case will not prevent duplicative benefits. Rather, it would serve to reduce Mrs. Keel’s income to below 66 % % of her income before the accident and give an unjustified windfall to Wal-Mart.
This analysis is further strengthened by recognizing the importance of the compromised character of the workers’ compensation law. A court’s 1 ¿interpretation of this compensation statute must be influenced by a desire to maintain the balance that was the goal of the compensation law. La. R.S. 23:1163 prohibits direct or indirect payment by an employee of workers’ compensation benefits. Offsets for insurance or retirement plans paid for by the claimant, her deceased husband or their previous employer would amount to an indirect payment by the employee of the cost of her workers’ compensation coverage.

*77
Conclusion

For the reasons set forth above, Wal-Mart’s claim for a reduction is denied and the WCJ’s judgment recognizing such is REVERSED. Costs here and below are assessed to Wal-Mart.
CARAWAY and KOSTELKA, JJ., dissent with reasons.

. We do not reach the argument that a reduction, if applicable, should be calculated only on the difference between the amount of the retirement benefits over the amount of the widow's benefits.