817 So.2d 1 (2002)
WAL-MART STORES, INC.
v.
Parthena KEEL.
No. 2001-CA-3013.
Supreme Court of Louisiana.
April 3, 2002.
Opinion on Grant of Rehearing May 31, 2002.
*2 Charles M. Kreamer, Allen & Gooch, Lafayette, Counsel for Applicant.
Matthews R. Richards, Baton Rouge, Curtis D. Street, Monroe, Counsel for Respondent.
TRAYLOR, J.
We granted a writ of certiorari to determine whether La.Rev.Stat. 23:1225(C)(1)(b) permits an employer to reduce the weekly workers' compensation benefits paid to a disabled employee if the employee also receives old age Social Security benefits under 42 U.S.C. § 401 et seq. For the reasons that follow, we conclude that La.Rev.Stat. 23:1225(C)(1)(b) arbitrarily, capriciously and unreasonably discriminates against persons age 65 and older, and unconstitutionally denies them equal protection of the laws under article I, § 3 of the Louisiana Constitution. Accordingly, we affirm the district court's finding that La.Rev.Stat. 23:1225(C)(1)(b) is unconstitutional, reverse the judgment of the Office of Workers' Compensation, and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
Parthena Keel began working as a part-time "people greeter" for Wal-Mart Stores, Inc. (Wal-Mart) in June 1987, when she was 59 years old. On March 21, 1995, Mrs. Keel was injured in the course and scope of her employment when a fork-lift struck her. Mrs. Keel underwent surgery as a result of her injuries and did not *3 return to work thereafter. Wal-Mart voluntarily paid Mrs. Keel temporary total disability benefits in the amount of $86.43 weekly after the accident occurred, and continuing until July 1997, when Wal-Mart filed suit to receive a credit for the old age Social Security benefits Mrs. Keel had received since she reached the age of 65.[1] Following a hearing, the Office of Workers' Compensation (OWC) granted Wal-Mart a credit of $79.65 per week, retroactive to July 18, 1997, to be applied against its obligation to pay weekly workers' compensation benefits to Mrs. Keel. Once the credit was exhausted, Wal-Mart would be obligated to pay $6.78 per week in temporary total disability benefits.
On appeal, the Second Circuit reversed. Wal-Mart v. Keel, 31-655 (La.App. 2 Cir. 4/1/99), 734 So.2d 74. The court of appeal concluded that Mrs. Keel's old age Social Security benefits and her workers' compensation benefits were not duplicative benefits under the wage loss coordination laws, as described in Garrett v. Seventh Ward Gen. Hosp., 95-0017 (La.9/22/95), 660 So.2d 841. This court granted Wal-Mart's application for supervisory writs and docketed the matter for oral argument. Wal-Mart Stores, Inc. v. Keel, 99-1540 (La.9/24/99), 747 So.2d 570.
After oral argument, but prior to rendering a judgment in that case, this Court decided Pierce v. Lafourche Parish Council, 99-2854 (La.5/16/00), 762 So.2d 608. Pierce involved a constitutional challenge to La.Rev.Stat. 23:1221(3)(d)(iii), which also contains a reduction of benefits provision, as applied to supplemental earnings benefits, for employees who receive old age Social Security benefits. This court declared in Pierce that the statute unconstitutionally discriminated against employees over the age of 62 on the basis of age. In a per curiam opinion, this Court then remanded the instant case to the OWC for further proceedings in light of Pierce:
After this case was taken under advisement, we rendered our opinion in Pierce... [which] also involves the interplay between workers' compensation benefits and Social Security old-age benefits. Because the parties did not have the benefit of our opinion in Pierce at the time this matter was tried, we find the interests of justice require that the court of appeal's judgment be vacated and the matter be transferred to the Office of Workers' Compensation for further proceedings. Should claimant seek to challenge the constitutionality of La. R.S. 23:1225(C) on remand, the workers' compensation hearing officer may transfer the matter to the appropriate district court for resolution of this issue. See Albe v. Louisiana Workers' Compensation Corp., 97-0581 (La.10/21/97), 700 So.2d 824.
Wal-Mart Stores, Inc. v. Keel, 99-1540 (La.6/23/00), 765 So.2d 325.
Following remand, the OWC transferred the case to the Sixth Judicial District Court for the Parish of East Carroll to permit Mrs. Keel to challenge the constitutionality of La.Rev.Stat. 23:1225(C)(1)(b). On May 17, 2001, Mrs. Keel filed a motion for summary judgment, arguing that the statute unconstitutionally discriminates on the basis of age. Following a hearing, the district court granted Mrs. Keel's motion for summary judgment and declared La. *4 Rev.Stat. 23:1225(C)(1)(b) unconstitutional. In oral reasons for judgment, the district court stated:
The bottom line is, this Court finds that 1221[sic] is unconstitutional in the section that deals with old age retirement Social Security benefits. The Court cannot find a significant distinction between Ms. Keel's case and the decision of the Louisiana Supreme Court in Pierce v. Lafourche Parish Council. ... [t]he Court does not find that 1221[sic] fosters a legitimate interest of the State to the extent necessary to prevent the declaration by the Court that the statute is unconstitutional.
Wal-Mart has appealed the district court's judgment directly to this court pursuant to La. Const. art. V, § 5(D).[2]

LAW AND ANALYSIS
Mrs. Keel argues that La.Rev.Stat. 23:1225(C)(1)(b) is unconstitutional, relying primarily on the reasoning of Pierce. According to Mrs. Keel, the statute discriminates because it treats older workers differently by stripping them of workers' compensation benefits when their ability to work is taken away by a work-related accident. Mrs. Keel argues that this is the essence of age discrimination prohibited under La. Const. art. I, § 3.
La. Const. art. I, § 3 provides in pertinent part:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations.
La. Const. art. I, § 3 sets up a spectrum for analyzing equal protection challenges based on discriminatory classifications. See Pierce, 762 So.2d at 611-612. Laws in the middle of the spectrum that classify persons on the basis of "age" are examined under a heightened standard of review which requires the proponent to establish that the classification is not arbitrary, capricious, or unreasonable because it substantially furthers an appropriate governmental objective. Id.; Manuel v. State, 95-2189 (La.7/2/96), 692 So.2d 320, 339 (on rehearing) (upholding the minimum drinking age at a level higher than age of majority because it substantially furthered an appropriate governmental purpose of improving highway safety).[3] A review of the statutory language makes clear that La.Rev.Stat. 23:1225(C)(1)(b) as applied results in the disparate treatment of Mrs. Keel by denying her the same right to temporary total disability benefits as others based solely upon her age.
La.Rev.Stat. 23:1225 of the Louisiana Workers' Compensation Act provides for the reduction of disability benefits when other benefits are payable, either through the state workers' compensation laws, other disability plans funded by the employer, or federal Social Security benefits. Particularly relevant to this case, La.Rev.Stat. 23:1225(C)(1)(b) provides for reduction of *5 benefits if the employee receives remuneration from "old age insurance benefits ... under Title II of the Social Security Act to the extent not funded by the employee." Mrs. Keel argues that this statute creates an age based discrimination because only persons 65 years of age or older can receive old age Social Security benefits. See 42 U.S.C. § 401 et seq. Even though the statute does not mention "age," the statute's application treats persons in the work force over age 65 differently from persons under age 65.
Wal-Mart argues that Pierce does not compel a finding that La.Rev.Stat. 23:1225(C)(1)(b) is unconstitutional. Wal-Mart points out that the statute at issue in Pierce terminated a claimant's indemnity benefits, whereas the offset allowed under La.Rev.Stat. 23:1225(C)(1)(b) only reduces benefits. A continued right to an offset exists when a permanently disabled person reaches age 65, the normal retirement age.
The Attorney General has also filed a brief on behalf of the State of Louisiana, arguing in favor of the constitutionality of La.Rev.Stat. 23:1225(C)(1)(b). The State argues that, even under an intermediate standard of scrutiny, the statute does not arbitrarily, capriciously, or unreasonably discriminate on the basis of age because it applies if an individual receives more than one employer-funded wage loss benefit; the age of the individual is not a factor.
Despite these distinctions, we conclude like we did in Pierce that La.Rev. Stat. 23:1225(C)(1)(b), which reduces temporary total disability benefits when the claimant receives Social Security old age benefits, results in the disparate treatment of employees injured in the work place who are 65 years of age or older from those under age 65. Assuming no other disability benefits are payable, only persons 65 or over who are injured while employed are subject to reduction of temporary total disability benefits. However, our inquiry does not end there. A law that discriminates based upon age is unconstitutional unless the proponents of the statute, in this case Wal-Mart and the State, can carry their burden of proving that the classification substantially furthers a legitimate governmental purpose.
Both Wal-Mart and the State argue that the statute is substantially related to two legitimate government objectives: (1) coordinating state and federal benefits, when a permanently disabled employee[4] reaches age 65 and begins receiving federal old age Social Security benefits, to control costs in the workers' compensation system; and (2) encouraging the hiring of elderly workers by limiting an employer's exposure to workers' compensation benefits. Wal-Mart also puts forth a third legitimate objective that the statute prevents workers' compensation from becoming a retirement supplement.

I.
The first rationale advanced by proponents is that the statute coordinates wage loss benefits to avoid duplication of benefits paid to any one employee. Coordination of wage loss benefits in the overall system of workers' compensation seeks to assure that the employee receives some degree of recovery for lost wages while precluding the employee from recovering duplicative benefits under different parts of the system that could exceed the actual wages earned prior to the disability. Al Johnson Const. Co. v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623, 625. The theory *6 is that an employee experiencing only one wage loss should be entitled to receive only one wage loss benefit from the employer. Garrett v. Seventh Ward Gen. Hosp., 95-0017 (La.9/22/95), 660 So.2d 841, 843, overruled on other grounds, Pitre, 734 So.2d at 625 (citing 4 Arthur Larson, Workers' Compensation § 97.10 (1995)). Wal-Mart and the State reason that Social Security old age benefits are part of the overall system of wage loss replacement benefits because such benefits are intended to partially replace the wages that were formerly earned before a person retired. La.Rev.Stat. 23:1225(C)(1)(b) seeks to coordinate the receipt of old age benefits and workers' compensation total temporary disability benefits by providing for a reduction of disability benefits once a person has reached the federal retirement age of 65. Hence, the statute substantially furthers the appropriate governmental interest of avoiding the duplication of benefits.
In response, Mrs. Keel contends that workers' compensation benefits and Social Security old age benefits do not represent duplicative benefits and should not be coordinated because they are based on two different theories of recovery. Workers' compensation benefits are provided to compensate employees for loss of income resulting from work-related injuries. In contrast, Social Security old age benefits are provided to persons regardless of injury as long as the recipient has reached the statutory age, has been employed, and has contributed to the Social Security Trust Fund. 42 U.S.C. § 402. Thus, withholding workers' compensation benefits from persons who are receiving Social Security old age benefits is not even rationally related to the goal of preventing duplicative benefits because the two types of benefits do not serve the same purpose.
In Garrett, this Court explained the purpose of wage-loss-benefit-coordination laws:
Wage-loss benefit coordination laws are designed to achieve a dual purpose: (1) to assure, when an employee suffers a wage loss because of disability, unemployment, advanced age or death, that a certain minimum portion of the employee's actual wages is continued or, in the case of death, that the employee's dependents receive some degree of recovery of lost support; and (2) to preclude an employee from contemporaneously collecting duplicative wage-loss benefits under different parts of the overall system of employer-based protection against loss of wages.... The theory is that an employee experiencing only one wage loss should be entitled to receive only one wage-loss benefit from the employer. Benefit coordination laws thus avoid duplicative benefits collected from the employer and prevent social legislation from becoming a "grab bag" of assorted, unrelated wage-loss benefits.
660 So.2d at 843. In analyzing La.Rev. Stat. 23:1225, we concluded in Garrett that the wage-loss coordination provision of 1225(C)(1) was designed to add all the benefits not funded by the employee; and, if the combined benefits exceeded 66 2/3 percent of the employee's average weekly wage, the employer would be given an offset of the excess against the obligation to pay workers' compensation benefits. 660 So.2d at 845 (quoting Dennis P. Juge, Louisiana Workers' Compensation § 12:5(1995)). Thus, the statute provided Louisiana employers with an offset against their workers' compensation obligation of benefits provided by different employer-based sources and established a state ceiling of benefits to which an employee was entitled. Id.
*7 Subsequently in Pitre, this Court overruled Garrett to the extent that it provided that federal disability benefits could be offset with state temporary total disability benefits under La.Rev.Stat. 23:1225(C)(1)(c). We observed in that case that federal law already "prevented recovery of duplicative benefits in excess of eighty percent of prior earnings in any case in which the employee was receiving both federal Social Security and state workers' compensation benefits." Pitre, 734 So.2d at 627. However, this Court tacitly approved the objective of coordinating benefits in general to avoid duplication between employer-funded disability plans and disability benefits paid through workers' compensation under La.Rev.Stat. 23:1225(C)(1)(c). More importantly, the issue presented in Garrett, and later in Pitre, was whether Social Security disability benefits should be coordinated and offset with workers' compensation benefits under La.Rev.Stat. 23:1225(C)(1)(c). Those cases did not address whether workers' compensation benefits should be coordinated and offset by Social Security old age benefits.
Subsequently in Pierce, this Court declined to decide whether workers' compensation benefits and Social Security old age benefits should be coordinated because we found that La.Rev.Stat. 23:1221(3)(d)(iii) was not a wage loss coordination statute. The statute provided for supplemental earnings benefits to terminate after 104 weeks without regard to the amount of Social Security old age benefits the injured employee was receiving or would receive. We reasoned that there would be no assurance under the statute that, after termination of supplemental earnings benefits, an older employee would receive two-thirds of his former earnings. Thus, an employee's Social Security old age benefits could provide him with considerably less benefits than he was receiving under the workers' compensation law.
However, the issue is now directly before us whether it is constitutional under an equal protection analysis to reduce workers' compensation benefits based on total temporary disability under La.Rev. Stat. 23:1225(C)(1)(b), if the employee is also receiving Social Security old age benefits. While we agree that preventing duplication of benefits is a legitimate state goal, we are convinced that La.Rev.Stat. 23:1225(C)(1)(b) does not meet even the minimum test of bearing a rational relationship to that goal for the following reasons.
Workers' compensation benefits are paid from insurance provided by employers to compensate employees for loss of income resulting from work-related injuries in exchange for their employees' forbearance from suing the employers in tort. Temporary total disability benefits replace a portion of the salary an injured employee could have earned had he not been injured. La.Rev.Stat. 23:1221(1)(a).
Social Security old age benefits, on the other hand, are not intended to replace wages lost solely by an employee's inability to work. They are provided to persons over the statutory age regardless of injury. Unlike disability benefits or unemployment benefits, a person may receive Social Security old age benefits while still employed and earning additional income. Indeed, those age 70 and older, such as plaintiff, may earn unlimited amounts without any offset against their Social Security income.
Social Security old age benefits are not disability benefits, but old age entitlements serving the same function as pension payments. We point out that other forms of employer-paid retirement income based on tenure cannot be deducted from or "coordinated" with benefits received under the workers' compensation system. Cousins v. City of New Orleans, 608 So.2d *8 978 (La.1993) (holding that workers' compensation benefits could not be offset under La.Rev.Stat. 23:1225(C)(1)(c) when the firefighter was eligible for tenure-based retirement benefits under the same plan that provided disability benefits); see also Matthews v. City of Alexandria, 619 So.2d 57 (La.1993).
Courts of other jurisdictions that have confronted the issue of whether workers' compensation benefits and Social Security old age benefits should be coordinated are divided in their resolution. At least three state supreme courts have held that statutes that reduce or eliminate workers' compensation benefits for those receiving Social Security old age benefits are unconstitutional. See, e.g., Industrial Claim Appeals Office v. Romero, 912 P.2d 62 (Colo. 1996); State ex rel. Boan v. Richardson, 198 W.Va. 545, 482 S.E.2d 162 (1996). The Arkansas Supreme Court stated in Golden v. Westark Community College, 333 Ark. 41, 969 S.W.2d 154 (1998):
To be sure, economic viability of the workers' compensation program and eradication of duplicate benefits are worthy and lofty goals, but we fail to see how workers' compensation benefits paid for loss of the ability to earn the same wages and a retirement benefit under social security are duplicative in any respect. The economic objective behind [the Arkansas statute] to save money may be reasonable but the means for achieving that particular end are not and, hence, the statute fails to withstand constitutional scrutiny.
969 S.W.2d at 159. The courts in Arkansas, Colorado, and West Virginia all found that the lack of any commonality of purpose between Social Security old age benefits and workers' compensation benefits sapped the statutes of rationality.
Wal-Mart points to other jurisdictions that upheld the constitutionality of coordinating disability benefits with Social Security old age benefits. See Vogel v. Wells Fargo Guard Services, 937 S.W.2d 856 (Tenn.1996); Berry v. H.R. Beal & Sons, 649 A.2d 1101 (Me.1994); Harris v. State, 120 Wash.2d 461, 843 P.2d 1056 (1993); Brown v. Goodyear Tire & Rubber Co., 3 Kan.App.2d 648, 599 P.2d 1031 (1979). However, we note that in those cases, the courts in question relied on the equal protection clause of the United States Constitution, and applied a rational basis test to evaluate the state's objectives. In contrast, the Louisiana Constitution provides additional protections and a heightened standard of scrutiny for age-based classifications; on that basis alone, those cases are distinguishable.
More fundamentally, we disagree with those jurisdictions that find workers' compensation benefits and Social Security old age benefits sufficiently duplicative to satisfy even a rational relationship to that legitimate state goal for the reasons discussed above. We conclude that Wal-Mart and the State have failed to prove that La.Rev.Stat. 23:1225(C)(1)(b) substantially furthered an appropriate governmental objective of coordinating wage loss replacement to prevent the duplication of benefits.

II.
The second rationale advanced by Wal-Mart and the State is to preserve the fiscal integrity of the workers' compensation system by reducing the cost of compensation paid by employers into the overall system. They argue that the statute can reduce the exposure for employers who employ older workers and encourage the hiring of older workers by limiting the amount of liability that an employer faces if an older employee is injured on the job. While the State may have a valid interest in preserving the fiscal integrity of the *9 system of workers' compensation benefits, we find that neither Wal-Mart nor the State have not shown that the fiscal integrity of the workers' compensation system is in need of legislation to preserve its integrity. Moreover, it is difficult to believe that the savings provided to the employer in the overall benefits system by reducing the temporary total disability benefits for workers in this age category would have any significant effect on preserving the fiscal integrity of the system.
Therefore, Wal-Mart and the State failed to prove that the classification furthers a legitimate governmental purpose. When the application of the statute results in placing the burden of reducing compensation benefits solely upon employees over age 65 who receive Social Security old age benefits, without substantially furthering a legitimate governmental interest, then discrimination based upon age occurs. Hence, classification based on this rationale does not withstand constitutional scrutiny.

III.
In its third rationale, Wal-Mart argues that the driving premise behind La. Rev.Stat. 23:1225(C)(1)(b) is to prevent a retiree from collecting workers' compensation benefits because any wage loss is due to retirement, not a work injury. In effect, Wal-Mart argues that the statute creates an irrebuttable presumption that a worker has retired when a person reaches age 65, regardless of injury. According to Wal-Mart, the statute is a procedural device that relieves Wal-Mart from proving the impossible, namely that the worker "is really tired of working and ready to retire instead of disabled."
Mrs. Keel contends that the statute is not substantially related to any legitimate government objective because workers' compensation benefits are not a retirement supplement. Older workers rely upon their wages to supplement the old age Social Security benefits they were already receiving. When that ability to supplement income through working is taken away by a work-related injury, workers' compensation should provide disability benefits, regardless of whether the person receives old age Social Security benefits. Wal-Mart does not challenge Mrs. Keel's injury, but instead seeks to have this Court speculate about whether and for how long Mrs. Keel or any other injured person might work.
Wal-Mart bases their argument on the federal Social Security system's conversion of disability benefits to old age benefits at age 65, regardless of circumstances. 42 U.S.C. § 415; 20 C.F.R. § 404. According to Wal-Mart, the federal system presumes that the normal retirement age is 65 as a benchmark, regardless of prior disability. However, we are not convinced that this conversion alone results in that conclusion for several reasons.
First, the federal system also discontinues the offset with state workers' compensation benefits after age 65 when disability benefits, if any, are converted to old age benefits. 42 U.S.C. § 424a. It seems incongruous that the state would be able to continue claiming a reverse offset against old age benefits when the federal system has ceased its offset. Rather, that leads to the opposite conclusion, namely that the federal government intended for those receiving old age benefits to also receive state disability benefits. Second, the federal system allows those collecting old age benefits to supplement their income by working. Those collecting disability benefits or unemployment under the federal system are not allowed to work, or the benefits cease. See, e.g., 42 U.S.C. § 423.
As we noted in Section I, supra, disability benefits are paid without reduction for *10 tenure-based pension plan payments a worker may receive. Thus, in effect, disability benefits already exist as a retirement supplement for the disabled employee who also receives payments from a pension plan. We fail to see how targeting reduction of benefits for those 65 and older who receive Social Security old age benefits as a form of retirement pension substantially furthers any state goal, much less the dubious one of avoiding payment of a "retirement supplement" to older workers who sustain a work-related injury.
We must also point out the logical flaw in allowing an offset against temporary total disability benefits. As the very title implies, temporary total disability benefits are designed to be temporary in nature. Looking at the workers' compensation system as a whole, temporary total disability benefits are designed to eventually convert to either permanent total or partial disability benefits, La.Rev.Stat. 23:1221(1)(d), or supplemental earnings benefits, La.Rev. Stat. 23:1221(3)(a), or simply to cease if the employee returns to work without disability, La.Rev.Stat. 23:1221(1)(b). Both supplemental earnings benefits and permanent partial disability benefits have specific time frames that provide how long the benefits will continue. See La.Rev.Stat. 23:1221(3)(d) & 23:1221(4). Supplemental earnings benefits and permanent total disability benefits coordinate offsets with both the federal system Social Security benefits and an individual's retirement. See La.Rev.Stat. 23:1225(A) & 23:1221(3)(d)(iii). An employer can challenge a claimant's claim to workers' compensation benefits at any time, with the burden on the claimant "by clear and convincing evidence, unaided by any presumption of disability" to establish their right to the benefits. See La.Rev.Stat. 23:1221(2)(c); La.Rev.Stat. 23:1221(1)(c); La.Rev.Stat. 23:1221(3)(c)(iii). By requesting an offset from temporary total disability benefits paid, Wal-Mart basically asks to be relieved of the evidentiary burdens associated with the process of resolving under the statutory framework whether the employee is permanently disabled, or able to return to work in some capacity, and/or entitled to SEB's, if the employee is over age 65.
Accordingly, we question whether the prevention of disability benefits from becoming a retirement supplement actually serves as a legitimate state objective. More importantly, we fail to see how a procedural presumption that a person has retired based solely on receipt of Social Security benefits substantially furthers that objective. Rather, the presumption's use by an employer to effect reduction of temporary total benefits unconstitutionally discriminates in violation of La. Const. art. I, § 3. Classification based on this rationale does not withstand constitutional scrutiny.

CONCLUSION
In sum, we conclude that La.Rev.Stat. 23:1225(C)(1)(b), which reduces disability benefits when an employee begins to receive old age insurance benefits under Title II of the Social Security Act, unconstitutionally denies employees over age 65 equal protection of the laws under article I, § 3 of the Louisiana Constitution.

DECREE
For the reasons assigned, we affirm the judgment of the district court declaring La.Rev.Stat. 23:1225(C)(1)(b), which reduces benefits when an employee begins to receive old age insurance benefits under Title II of the Social Security Act, unconstitutional. The case is remanded to the Office of Workers' Compensation for further proceedings consistent with this opinion. *11 Costs are assessed against defendants.
AFFIRMED.

ON REHEARING
Rehearing is granted for the sole purpose of reversing our assessment of costs against the defendant, Parthena Keel, and to assess costs against the plaintiff, Wal-Mart Stores, Inc. See La. Code Civ. Proc. Art. 1920. In all other respects, rehearing is denied.
NOTES
[1] When Mrs. Keel reached the age of 60, she began receiving Social Security widow's benefits of $457 monthly. In June 1993, when Mrs. Keel reached the age of 65, she switched to her own earnings record and began receiving old age Social Security benefits. Mrs. Keel initially received $560 monthly, less $36.60 for Medicare premiums, but that amount increased over time, and as of December 1996, she was receiving $728.80 monthly, less $43.80 for Medicare premiums.
[2] La. Const. art. V, § 5(D) provides in part that a case shall be appealable to this court if "a law or ordinance has been declared unconstitutional,..."
[3] While both Wal-Mart and the State make an earnest attempt to argue that constitutional review of classifications based on age should only require a minimal rational basis review, we have repeatedly rejected that standard. See Pierce, 762 So.2d at 612; Manuel, 692 So.2d at 339; State v. Ferris, 98-2442 (La.5/18/99), 747 So.2d 487. The Louisiana Constitution provides protections above and beyond those provided in the federal constitution.
[4] We note there has never been a finding that Mrs. Keel is permanently totally disabled. The workers' compensation benefits that she received following her injury were temporary total disability benefits.